UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT P.,

                                        **Plaintiff,**

                          v.                                  6:18-CV-305
                                                                      (FJS)

COMMISSIONER OF SOCIAL SECURITY,

                                        **Defendant.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **OFFICE OF PETER W. ANTONOWICZ**<br>148 West Dominick Street<br>Rome, New York 13440<br>Attorneys for Plaintiff | **PETER ANTONOWICZ, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF REGIONAL**<br>**GENERAL COUNSEL – REGION II**<br>26 Federal Plaza – Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **JAMES DESIR, ESQ.** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

    Robert P. ("Plaintiff") brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("Act"), seeking judicial review of a final decision of the Commissioner of Social

Security (the "Commissioner"), denying his application for benefits. *See generally* Dkt. Nos. 1, 11. Pending before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 11, 16.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff applied for benefits on January 16, 2015, alleging disability as of June 27, 2014. *See* Dkt. No. 8, Administrative Record ("AR"), at 14.[1] The Social Security Administration denied Plaintiff's application on April 26, 2015. *See* Dkt. No 11, Plaintiff's Brief, at 1. In response, Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). *See id*. A hearing was held on February 8, 2017, before ALJ Kenneth Theurer. *See* AR at 18. Plaintiff and Christine Ditrincok, a vocational expert, testified. *See id*. Peter W. Antonowicz, Esq., represented Plaintiff at the hearing. *See id.*

On March 13, 2017, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of the entire record . . ."

1) "[Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2019."

2) "[Plaintiff] has not engaged in substantial gainful activity since June 27, 2014, the alleged onset date (20 CFR 404.1571 *et seq*.)."

3) "[Plaintiff] has the following severe impairments: disorder of the spine; carpal tunnel (moderate); depression; and anxiety (20 CFR 404.1520(c))."

4) "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)."

---

[1] All references to the Administrative Record are to the Bates Stamp number in the bottom right corner of those pages. All references to page numbers on other documents in the record are to the page numbers that the Court's ECF system generates, which appear in the top right corner of those pages.

5) "After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) because he can occasionally lift ten pounds, sit for approximately six hours, stand or walk for approximately two hours in [an] eight hour day with normal breaks; occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl. [Plaintiff] should not perform more than frequent fine manipulation such as repetitive hand-finger actions, fingering or feeling with right hand-but retains the ability to grasp, hold, turn, raise and lower objects with either hand. Alternate sit/stand 3 times per hour for no more than 5 minutes while remaining on task. Requires a cane for prolonged ambulation. Can understand and follow simple instructions and directions; perform simple tasks with or without supervision; can maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; can relate to and interact appropriately with others (coworkers, supervisors and the public) to the extent necessary to carry out simple tasks. Work limited to simple, routine, and repetitive tasks in a work environment free of fast paced production requirements; involving only simple, work-related decisions; with few, if any, work place changes."

6) "[Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565)."

7) "[Plaintiff] was born on December 25, 1974 and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563)."

8) "[Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564)."

9) "Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)."

10) "Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569 and 404.1569(a))."

11) "[Plaintiff] has not been under a disability, as defined in the Social Security Act, from June 27, 2014, through the date of this decision (20 CFR 404.1520(g))."

*See* AR at 16-24.

The ALJ's decision became the Commissioner's final decision on February 5, 2018, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 1-4. Plaintiff then commenced this action on March 9, 2018, and filed a supporting brief on September 3, 2018. *See* Dkt Nos. 1, 11. Defendant filed a response brief on December 11, 2018. *See* Dkt. No. 16.

## III. DISCUSSION

### A. Standard of review

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability "to engage in any substantial gainful activity [("SGA")] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is currently engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not currently engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.

> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his residual functional capacity ("RFC"), age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive benefits if he cannot perform any alternative gainful activity. *See id.*

20 C.F.R. § 416.920. For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation and other citations omitted).

**B. Treating physician's opinion**

In support of his motion, Plaintiff argues that the ALJ committed reversible error because he failed to give appropriate weight to the opinions of his treatment provider, Ivan Antonevich, M.D., which were supported by objective evidence in the record. *See* Dkt. No. 11, Plaintiff's Brief, at 14. According to Plaintiff, the objective evidence in the record "demonstrates very significant lumbar spine injuries" and that his "treating pain management physician offered an opinion that would preclude the performance of even sedentary work." *See id.* at 16. Irrespective, Plaintiff contends that the ALJ wrongly "accorded great weight to the opinions of the non-treating consultative source, Gilbert Jenouri, M.D.[,]" who rendered his opinions without the benefit of reviewing the MRI reports. *See id.* at 16. In addition, Plaintiff asserts that the ALJ

misinterpreted the findings of Raymond Alessandrini, OTR/L, in coming to his residual functional capacity determination. *See id.* at 17.

"'The opinion of a treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence.'" *Tavarez v. Barnhart*, 124 F. App'x 48, 49 (2d Cir. 2005) (summary order) (quoting *Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999); 20 C.F.R. § 404.1527(d)(2)). "An ALJ is required to provide 'good reasons' to accord the opinion other than controlling weight." *Id.* (citing *Halloran*, 362 F.3d at 32; 20 C.F.R. § 416.927(d)(2)). "Reasons that are conclusory fail the 'good reasons' requirement." *Woodson v. Colvin*, No. 15-CV-2353 (RLE), 2016 WL 4362105, *10 (S.D.N.Y. Aug. 10, 2016) (citation omitted). "The ALJ is not permitted to arbitrarily substitute his own judgment of the medical proof for the treating physician's opinion." *Id.* (citing *Balsamo*, 142 F.3d at 81). Moreover, "an ALJ 'cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record.'" *Id.* (quoting *Rosa*, 168 F.3d at 79)) (other citation omitted).

Plaintiff's arguments with regard to the medical opinions of Dr. Antonevich, Dr. Jenouri, and Mr. Alessandrini are meritless. First, Dr. Antonevich did not complete the "Medical Source Statement" submitted on Plaintiff's behalf. Although the document states at the top that it was "Completed by: Dr. Antonevich" in typed print, the form was completed, signed, dated, and submitted by Anne Marie Edmunds, P.A. *See id.* at 414-15. In his decision, the ALJ considered Ms. Edmunds' opinion and properly accorded it little weight because she was not an acceptable medical source within the meaning of 20 C.F.R. § 404.1513; and she "did not support her findings with relevant evidence or explanation and her findings [were] inconsistent with the longitudinal record[.]" *See id.* Moreover, Plaintiff's treating relationship with Ms. Edmunds

was only ten months. *See* 20 C.F.R. § 404.1527(c)(2)(i) (stating that "the longer a treating source has treated [the claimant] and the more times [the claimant has] been seen by a treating source, the more weight [the ALJ] will give to the source's medical opinion").

Second, the ALJ did not misinterpret Mr. Alessandrini's findings. The ALJ properly accorded partial weight to the opinion of Mr. Alessandrini "to the extent that his findings [were] consistent with the longitudinal record and reject[ed] those which are not" because he was not an acceptable medical source within the meaning of 20 C.F.R. § 404.1513. *See* AR at 21. As an example, the ALJ pointed to Mr. Alessandrini's findings with regard to Plaintiff's walking limitations. *See id.* The ALJ found that Mr. Alessandrini's opinion was inconsistent with the longitudinal record because he "found that [Plaintiff] could not walk at all, yet [Plaintiff] testified that the furthest he walk[ed was] 25 feet from his front porch to his car." *See id.* In the record, Mr. Alessandrini stated that "[Plaintiff] walked for 0.0 miles" but later stated that his walking tolerance "was at a pace of .5mph for 1 minute 15 seconds (distance of 52.8 feet)[.]" *See id.* at 417-20. The ALJ found that Mr. Alessandrini's opinions were consistent with the longitudinal record insofar as he concluded that Plaintiff was "capable of lifting at the sedentary exertional level and able to perform work with the sit/stand option contemplated by the residual functional capacity." *See id.* at 21.

Third, the ALJ properly rendered great weight to Dr. Jenouri's opinion because he was an acceptable medical source within the meaning of 20 C.F.R. § 404.1513 and he "had an opportunity to examine [Plaintiff], ha[d] program knowledge and his findings [were] consistent with the longitudinal record as well as supported with explanation." *See* AR at 21. Specifically, after examining Plaintiff for a consultative examination, Dr. Jenouri determined that "[Plaintiff] had a mild restriction walking, standing, and sitting long periods, bending, stair climbing, lifting

and carrying." *See id.* (citation omitted). Based on this, the ALJ ultimately found "that Dr. Jenouri's limitations [were] consistent with the ability to perform work at the sedentary exertional level with the postural limitations contemplated by the residual functional capacity." *Id.*

Finally, the ALJ properly considered the medical opinions of Plaintiff's other treatment providers in coming to his ultimate conclusion. For example, the ALJ accorded partial weight to the opinions of Mohsin Syed, M.D., and Thomas Harding, Ph.D., because they were acceptable medical sources within the meaning of 20 C.F.R. § 404.1513 and their opinions were consistent with the longitudinal record. *See* AR at 22. The ALJ also accorded great weight to the opinion of consultative examiner, Christina Caldwell, Psy.D., because she was "an acceptable medical source, . . . had an opportunity to examine [Plaintiff], ha[d] professional expertise as well as program knowledge and her findings [were] consistent with the longitudinal record and supported with explanation." *See id.*

Based on its review of the record, the Court concludes that, contrary to Plaintiff's assertion, the ALJ did not commit reversible error by not according Plaintiff's treating physician's opinion controlling weight. Moreover, the ALJ provided good reasons for not doing so. Furthermore, the Court finds that the ALJ's conclusions regarding all medical opinions and his ultimate conclusion that Plaintiff was not disabled were supported by substantial evidence in the record. Therefore, the Court denies Plaintiff's motion.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: July 30, 2019
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge